**United States Bankruptcy Court**
Middle District of Florida
Fort Myers Division

| | |
|---|---|
| In re: ) | |
| ) | |
|    John T. Stewart ) | |
|    3736 Canopy Circle ) | Case No. 9:16-bk-09212-FMD |
|    Naples, FL 34120 ) | |
| ) | Chapter 7 |
|       Debtor ) | |
| ) | |
| RAYMOND BARRETT and ) | |
| VALERIE BARRETT, ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | Adv. Proc. No. 9:17-ap-00102-FMD |
| ) | |
| JOHN T. STEWART, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## AMENDED COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

Comes now RAYMOND BARRETT and VALERIE BARRETT, by and through the undersigned, and files this Amended Complaint to Determine Dischargeability of Debt pursuant to 11 U.S.C. §§ 523(a)(6) and (a)(9), and as grounds therefore hereby states as follows:

1. JOHN T. STEWART (Debtor) caused personal injuries to RAYMOND BARRETT and VALERIE BARRETT (Creditors) by driving while intoxicated and under the influence of alcohol on April 7, 2011 in Lehigh Acres, Lee County, Florida. Debtor pled Nolo Contendre to DUI and Serious Bodily Injury and DUI and Damage To Property on December 13, 2011. Debtor was found guilty of the offenses and sentenced to Supervised Probation on the same date. See Judgment of Guilt and Order of Probation, attached as **Exhibit A**.

2.	In a separate civil action, Creditors filed a claim in the Circuit Court of the Twentieth Judicial Circuit in Lee County, Florida against Debtor for damages arising from the DUI collision on April 7, 2011. See Civil Complaint filed October 17, 2011, attached as **Exhibit B**. Creditors moved, and were approved by the Court, to amend the Complaint to add a claim for Punitive Damages against Debtor. See Plaintiff's Motion for Leave to Amend to Add Claim for Punitive Damages, attached as **Exhibit C**; see also Order Granting Plaintiff's Motion for Leave to Amend to Add Claim for Punitive Damages, attached as **Exhibit D**.

3.	After a jury trial, Creditors received a Final Judgment against Debtor for punitive damages in the amount of Eight Million, Five Hundred Thousand Dollars and Zero Cents ($8,500,000.00), in addition to compensatory damages in the amount of Four Million, Three Hundred Thousand, Seven Hundred Fifty-Six Dollars and Forty-Eight Cents ($4,300,756.48) to RAYMOND BARRETT and Five Hundred Thousand Dollars and Zero Cents ($500,000.00) to VALERIE BARRET, as computed by the jury. See Jury Verdict Form filed March 7, 2014, attached as **Exhibit E**; see also Final Judgment filed March 12, 2014, attached as **Exhibit F**.

4.	11 U.S.C. § 523 specifically excepts from discharge debts arising from intoxicated driving:

> § 523. Exceptions to discharge.
>
> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> …
>
> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity;
>
> …

   (9) for death or personal injury caused by the debtor's operation of a motor vehicle, vessel, or aircraft if such operation was unlawful because the debtor was intoxicated from using alcohol, a drug, or another substance;

11 U.S.C. §§ 523(a)(6) and (a)(9).

  5. At most, a debtor may attempt to discharge debts for property damage pursuant to statute unless a creditor requests a hearing:

   523(c)(1) Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section.

11 U.S.C. § 523(c)(1).

  6. Creditors, through the undersigned, received notice of Debtor's Conversion to Chapter 7 Bankruptcy on November 15, 2016. See **Exhibit G**. As of the time of this filing, Creditors have yet to receive Debtor's planned schedules of debts, and are unable to determine what, if any, of Debtor's assessed damages from the April 7, 2011 DUI collision are allegedly subject to discharge under Debtor's Chapter 7 Bankruptcy plan.

  7. Creditors assert that while Debtor may be entitled to notice and a hearing in the bankruptcy court to determine the dischargeability of debts related to property damage assessed in connection with the April 7, 2011 DUI collision, the assessment of punitive damages against Debtor precludes dischargeability in this instance. The jury's assessment of punitive damages for the subject collision demonstrates a finding by Debtor's peers that his driving while under the influence of alcohol constituted willful and malicious injury to both the person and the property of Creditors. Because the property damage in question arose from a DUI collision, under the language of 11 U.S.C. § 523(a)(9), Debtor is not eligible for discharge of this debt.

WHEREFORE, Creditors pray that this Honorable Court enter an Order ruling that the jury's award of punitive and compensatory damages for the April 7, 2011 DUI collision are excepted from discharge under Debtor's Chapter 7 Bankruptcy plan, that the amount of damages owed be labeled a priority debt, and that Creditors be allowed to commence, continue, or employ any action, process, or act to collect and recover such debt as a personal liability of the Debtor.

Respectfully submitted,

_/s/ Bruce L. Scheiner_____
Bruce L. Scheiner, Esq.
Fla. Bar 0129307
Primary e-mail: service@blslawyers.com
Secondary e-mail: service2.bls@gmail.com
Associates & Bruce L. Scheiner
Attorneys for the Injured
4020 Evans Avenue
P.O. Box 60049
Fort Myers, FL  33901-9309
Phone:  (239) 939-2900

CERTIFICATE OF SERVICE

I CERTIFY that a copy of the foregoing has been furnished by U.S. Mail on the _7th___ day of February, 2017, to: Jonathan Tolentino, Esq., Jonathan Tolentino, P.A., 501 Goodlette Road, Suite D-100, Naples, FL 34102, (239) 793-7788, Attorney for Debtor John T. Stewart.

_/s/ Bruce L. Scheiner_____
Bruce L. Scheiner, Esquire
Fla. Bar. 0129307